Stone v. Paul Revere Insurance        CV-98-659     09/10/99
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE

David M. Stone,
      Plaintiff

      v.                                    Civil No. 98-659-M

Paul Revere Life Insurance Company,
      Defendant


                         **O R D E R**


      Plaintiff's motion for summary judgment is denied, without
prejudice, because it is inadequately supported and fails to
establish either that there is no genuine dispute as to any
material fact or that he is entitled to judgment as a matter of
law.

      Plaintiff's motion and supporting memorandum raises, but
skirts, some fairly complex legal issues.  See, e.g., Golden Rule
Ins. Co. v. Hartwell, No. 94-332-M, 1995 U.S. Dist. LEXIS 10350
(D.N.H. July 17, 1995) (discussing the interplay between N.H.
Rev. Stat. Ann. ("RSA") 415:6 and 415:9 and summarizing the
circumstances under which an insurer may ordinarily rescind a
policy based upon mistatements contained in the insurance
application).  By not acknowledging some, and treating others
rather superficially, the motion fails to persuade.  The
following difficulties are noted, just in passing.

First, and perhaps most importantly, the insurance policy plaintiff seeks to enforce has not been provided. The "Outline of Coverage" on which plaintiff seems to rely to establish the policy's terms specifically recites: "This is not the insurance contract and only the actual policy provisions will control."

Next, plaintiff seems to argue that defendant has denied benefits "because of a disease or condition that existed before the policy went into force," Plaintiff's Memorandum of Law at 6. Defendant, on the other hand, says it terminated benefits not due to a preexisting condition but due to fraudulent misrepresentations entitling it to rescind. Thus, defendant seeks to void the policy (and recover benefits previously paid), rather than merely deny plaintiff's continuing request for benefits under that policy. It is not clear whether plaintiff denies that he made material fraudulent misrepresentations, or, concedes that there were fraudulent misrepresentations, but claims fraud cannot serve as a basis for rescinding the policy under New Hampshire law.

Additionally, there is no indication that, as required by statute, the New Hampshire Insurance Commissioner approved inclusion in the policy at issue incontestability language that is (apparently) different from that required by RSA 415:6,I, nor

2

does either party's memorandum address the effect, if any, of failure to obtain approval (if it was indeed not obtained).

And, finally, plaintiff's invocation of the limitations bar to defendant's counterclaim, and defendant's response, raise apparent issues of disputed material fact related to the discovery rule (e.g., fraudulent concealment, reasonable diligence, reasonable reliance), which obviously precludes plaintiff from prevailing on his motion for summary judgment on defendant's counterclaim.

Should plaintiff decide to refile at some point, counsel should at least submit the policy. It might also be helpful to more clearly identify the uncontested material facts relied upon, and more fully develop plaintiff's legal argument in light of applicable New Hampshire law.

The motion for summary judgment (document no. 13) is denied without prejudice.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 10, 1999

cc:  Peter N. Tamposi, Esq.
     Lisa S. Wade, Esq.

3